UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 13-11506 (RG) |
| 11 East 36th LLC et al., | : | |
| | : | |
| Debtors. | : | |
| | : | |

--------------------------------------------------------------X

|   |   |   |
|---|---|---|
| | : | |
| 11 East 36th LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Pro. No. 14-01819 (RG) |
| | : | |
| FIRST CENTRAL SAVINGS BANK, | : | |
| 11 EAST 36TH NOTE BUYER LLC, and | : | |
| MISSION CAPITAL ADVISORS LLC | : | |
| | : | |
| Defendants. | : | |
| | : | |

--------------------------------------------------------------X

## MEMORANDUM DECISION

<u>**A P P E A R A N C E S**</u>:

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor/Plaintiff*
One North Lexington Avenue
White Plains, New York 10601
Telephone:    (914) 681-0200
<u>By</u>:        Jonathan S. Pasternak, Esq.

SPIZZ COHEN & SERCHUK, P.C.
*Attorneys for First Central Savings Bank*
425 Park Avenue, Fifth Floor
New York, NY 10022
Telephone:    (212) 754-9400
<u>By</u>:        Jill L. Makower

BACKENROTH FRANKEL & KRINSKY, LLP
*Attorneys for 11 East 36th Note Buyer LLC*
800 Third Avenue, 11th Floor
New York, NY 10022
Telephone:    (212) 593-1100
By:            Mark A. Frankel

HOGUET NEWMAN REGAL & KENNEY LLP
*Attorneys for Mission Capital Advisors LLC*
10 E. 40th Street, 35th Floor
New York, NY 10013
Telephone:    (212) 689-8808
By:            Damien R. Cavaleri

**ROBERT E. GROSSMAN**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court are the motions of First Central Savings Bank ("FCSB"), 11 East 36th

Note Buyer LLC ("Note Buyer"), and Mission Capital Advisors ("MCA," and collectively with

FCSB and Note Buyer, the "Defendants") to dismiss the above-captioned adversary proceeding

(the "Motions"). *See* Motions, ECF Nos. 8–11. The Debtor filed opposition to the Motions on

June 10, 2014 (the "Objection"). *See* Obj., ECF No. 15. On June 16, 2014, both FCSB and Note

Buyer filed replies (the "Replies"). *See* FCSB's Reply, ECF No. 16; Note Buyer's Reply, ECF

No. 17. A hearing was held on the Motions on June 17, 2014 (the "Hearing").

The adversary complaint asserts five counts. However, in the Objection and on the

record of the Hearing, the Debtor agreed to voluntarily dismiss counts three and five, as well as

all counts as against MCA. *See* Obj. 1. Accordingly, on June 23, 2014, this Court entered an

order dismissing all claims against MCA. *See* Order Granting MCA's Mot. to Dismiss, ECF No.

19. Additionally, although count four is denominated in the complaint as a declaratory action

claim, the Debtor argues that it is properly pled as a contractual claim, but requests leave to re-

plead that count to the extent it is not clear. *See* Obj. 7. For the following reasons, the Motions

are denied as to counts 1, 2 and 4.  The Debtor need not re-plead count 4 even though it is improperly denominated.  Counts 3 and 5 are dismissed on consent of the Debtor.

## Background[1]

The Debtor and its affiliates own and developed the Morgan Lofts Condominiums located at 11 East 36th Street in New York City.  The Morgan Lofts Condominiums include 20 residential units, two commercial units, and one cellar unit (collectively, the "Units").  The Units are encumbered by a blanket mortgage agreement (the "Mortgage Agreement")[2] securing a note in the amount of $10,000,000 dated March 20, 2008 (the "Note") currently held by defendant Note Buyer as assignee of FCSB, the original lender.   The instant complaint centers on paragraphs 7, 8, and 52 of the Mortgage Agreement.  Paragraph 52 provides that the "Mortgagee shall release the individual condominium units from the lien of this Agreement upon the satisfaction" of several conditions precedent.  Specifically, ¶ 52(a) provides that the Debtor shall deliver a sale contract 30 days prior to the release of the liens.  Paragraph 52(d) further provides that the Debtor shall not be in default under the Mortgage Agreement.  Paragraphs 7 and 8 define events of default under the Mortgage Agreement. These include: (1) unpaid debt service; (2) judgments against the guarantor; and (3) real estate tax delinquencies.

The Debtor alleges that in October 2011 it identified a purchaser for two of the units ("Units 101 and 102") encumbered by the Mortgage that would have allowed it to pay down approximately forty-five percent of the outstanding indebtedness.  The Debtor alleges that FCSB told the Debtor that the release of Units 101 and 102 upon the sale "would not be a problem" as the Debtor had complied with ¶ 52 of the Mortgage Agreement.   However, despite these representations, FCSB repeatedly ignored the Debtor's demands, and refused to honor the release

---

[1] The facts are taken from the complaint and are assumed to be true for purposes of deciding this motion.  *See* Compl., ECF No. 1.  All cites to the docket can be found in adversary proceeding number 14-01819.
[2] The Mortgage Agreement is attached to the complaint as exhibit A.

of condominium provisions contained in the Mortgage Agreement. Accordingly, the potential buyer was lost. The Debtor alleges that it was not in default under the loan documents, had complied with the release of condominium provisions, and was therefore entitled to sell and receive a partial release of Units 101 and 102.

After the potential buyer of Units 101 and 102 was lost, FCSB advised the Debtor that it was in default for failure to pay real estate taxes, but failed to inform the Debtor of the actual amount of alleged arrears. The Debtor specifically advised FCSB that all real estate taxes would be paid, in the normal course at the closing of the sale of Units 101 and 102.

The Debtor alleges that FCSB's improper actions were part of a scheme involving the sale of the Note to the Note Buyer. In early November 2011, FCSB offered the Note for sale via MCA as part of a package of non-performing assets in response to from pressure the FDIC to improve its capital base. The complaint alleges that FCSB and MCA scheduled the Note as performing to entice potential buyers to buy FCSB's entire loan package as a whole. The remainder of the loan package included mostly non-performing loans. As part of its plan to sell this package, the Debtor alleges that FCSB and MCA deliberately misrepresented to potential buyers that although the Note was listed as non-defaulted and performing, the purchaser could immediately declare the Debtor in default and trigger the default rate of 24% interest. The Debtor alleges that a significant pay-down of the Note in connection with the sale of Units 101 and 102 would have negatively impacted the ability of FCSB and MCA to market the loan package.

On February 7, 2014, the Debtor brought the instant complaint against FCSB, Note Buyer and MCA. The five count complaint asserts claims for breach contract, breach of the implied covenant of good faith and fair dealing, fraud, and declaratory judgments. The Defendants filed

4

the Motions on March 28, 2014.  The Debtor filed its Objection on June 10, 2014, and the

Defendants filed the Replies on June 16, 2014.

## Discussion

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

complaint must set forth a "plausible entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 559 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).    Accordingly, a dismissal

under Rule 12(b)(6) is only appropriate where "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Harris v. City of*

*New York*, 186 F.3d 243, 250 (2d Cir.1999) (quotations omitted).  In ruling on a motion to

dismiss, the Court must accept all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor.  *See Iqbal,* 556 U.S. at 678–679; *In re Alicea*, 230

B.R. 492, 499 (Bankr. S.D.N.Y. 1999).  The Court need not, however, "accept as true a legal

conclusion couched as a factual allegation."  *Iqbal,* 556 U.S. at 678–79.  In deciding a Rule

12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint,

matters of public record, and undisputedly authentic documents if the complainant's claims are

based upon these documents.  *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir.2010); Fed. R. Civ.

P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading

for all purposes.").

The first and second claims in the complaint seek money damages for breach of contract

and breach of the implied covenant of good faith and fair dealing, respectively.  Compl. ¶¶ 30–

44.  The alleged basis for relief stems from FCSB's failure to release Units 101 and 102 from its

blanket mortgage as required under the Mortgage Agreement.  *Id.*  In essence, the Debtor alleges

that FCSB refused to permit the sale of the Units 101 and 102 in order to artificially inflate the

mortgage loan, which would have been significantly paid down had the sales been permitted. *Id.* at ¶ 28. The Debtor claims that FCSB thereafter improperly declared a default and accelerated the debt in order to inflate the value of the loan in the above-mentioned portfolio of loans which it was then seeking to sell. *Id.* at ¶¶ 28–29. The Debtor's fourth claim seeks to hold Note Buyer liable for FCSB's breaches as an assignee and purchaser of the Note. *Id.* at ¶¶ 52–56. The Court will address each of these remaining counts of the complaint in turn.

## I. Count 1 – Breach of Contract

Although denominated as a count for breach of the implied covenant of good faith and fair dealing, count 1 actually pleads and seeks relief for breach of contract, namely the Mortgage Agreement. Regardless of how the claim is denominated, as long as it sets forth a "plausible entitlement to relief," it can survive a motion to dismiss. *Twombly*, 550 U.S. at 559. Under New York law, the elements of a breach of contract claim are the formation of an agreement, performance by one party, breach of the agreement by the other party, and damages. *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (citing *First Investors Corp. v. Liberty Mut. Ins. Co.,* 152 F.3d 162, 168 (2d Cir.1998). The Defendants argues that the plaintiff has failed to allege satisfaction of the elements of breach and damages. *See, e.g.*, FCSB's Reply ¶¶ 23, 27.

As to damages, the Defendants argue that the Debtor has not alleged its own damages, but rather has claimed damages allegedly suffered by its affiliate Bay Condos, LLC ("Bay Condos"). *Id.* at 27. As to breach, the Defendants claim they did not breach the Mortgage Agreement because the Debtor failed to satisfy the conditions for partial release of its lien as set forth in paragraphs 52(a) and (d) of the Mortgage Agreement. *Id.* at 6. Because the Debtor had

not satisfied these conditions precedent, FCSB claims it was not contractually bound to release Units 101 and 102 from its lien. *Id*. at 23.

Specifically, the Defendants argue that the Debtor failed to satisfy ¶ 52(a) of the Mortgage Agreement, which requires delivery of a contract of sale on 30 days' notice. *Id*. at 18–23. The Debtor's opposition papers attach a contract of sale for Units 101 and 102 dated December 5, 2011 between the Bay Condos as seller and Forte Capital Management as purchaser. *Id*. at 20. The opposition also attaches an email dated December 6, 2011 whereby the contract was allegedly delivered to FCSB. *Id*. Thus, FCSB had to grant the release by January 4, 2012 (30 days from December 6, 2011). *Id*. at 21. However, Bay Condos filed for bankruptcy on December 22, 2011, before that window had expired. *Id*. As Bay Condos never sought bankruptcy approval of the sale contract, as required under § 363 of the Code, the Debtor never complied with ¶ 52(a) of the Mortgage Agreement. *Id*. at 22–23.

Additionally, ¶ 52(d) requires as a condition precedent to a partial release of the collateral that "the Mortgagor must not be in default of any of its obligations to the Mortgagee under the Note or any of the Loan Documents." Mortgage Agreement ¶ 52(d). The Defendants claim that the Debtor defaulted in the following manners: (1) unpaid debt service; (2) judgments against the guarantor; and (3) real estate tax delinquencies. *See, e.g.*, FCSB's Reply ¶ 9. Each of these is considered and event of default under ¶¶ 7–8 of the Mortgage Agreement. Mortgage Agreement ¶ 7–8. The Defendants argue that the Debtor singularly focuses on the delinquent taxes but ignores the other defaults. *See, e.g.*, FCSB's Reply ¶ 10. Even if the Debtors could have cured the real estate taxes and other monetary defaults as they assert in the complaint, FCSB contends that the Debtors still failed to satisfy the other conditions precedent. *Id*. at ¶¶ 10–11. FCSB also contends that the Debtor's arguments that it was not in default with regard to the taxes because

FCSB never provided notice of the real estate tax default is incorrect. No notice was required to declare a default under the Mortgage Agreement – notice was only required to accelerate the note. *Id*. at ¶ 36.

These arguments notwithstanding, accepting all of the facts in the complaint as true, count 1 of the complaint pleads a prima facie case for breach of contract (*i.e.* breach of the Mortgage Agreement). The Defendants' Motions dispute the factual allegations as contained in the complaint. They offer a different version of events than is pled in the complaint. Specifically, they argue that even if the facts as alleged in the complaint were true, additional circumstances exist (namely the non-satisfaction of additional conditions precedent under the Mortgage Agreement) such as to preclude the relief sought by the Debtor. However, that the Defendants dispute the Debtor's factual basis for asserting that a default was improperly declared and that a partial release of the collateral was improperly denied is not a proper basis for granting a motion to dismiss. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012), *cert. denied,* 133 S. Ct. 846 (2013) ("A court ruling on such a motion may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible."). It is not the Court's role in ruling on a Rule 12(b)(6) motion to choose between the version of events as offered by the Debtor and the version as offered by the Defendants. *See id*. Rather, the Court must accept the facts in the complaint as true. Doing so, the facts sufficiently state a plausible claim for breach of contract. The facts as alleged in the complaint adequately allege satisfaction the conditions precedent to obtaining a release of Units 101 and 102 in order for them to be sold. Compl. ¶ 14. Specifically, the complaint alleges that the Debtor was not (or would not have been) in default under the Mortgage Agreement at the time FCSB was required to release the collateral. *Id*. The complaint alleges that the Debtor was

damaged by the loss of Forte Capital Management as a potential buyer of Units 101 and 102, as well as by its resulting inability to pay down the principal amount of the loan.  Compl. ¶¶ 13, 22, 23.  Accordingly, the Court cannot conclude on the record before it that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Harris,* 186 F.3d at 250.

## II.  Count 2 – Breach of the Implied Covenant of Good Faith and Fair Dealing

Count 2 seeks to hold the defendants liable for breach of the implied covenant of good faith and fair dealing.  Compl. ¶¶ 35–44.  In New York, an implied covenant of good faith and fair dealing exists in every contract.  *See, e.g., Outback/Empire I, Ltd. Partnership v. Kamitis, Inc.*, 825 N.Y.S.2d 747, 747 (2nd Dept. 2006) (citations omitted); *Travellers Intern., A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570 (2nd Cir. 1994).  "The implied covenant of good faith and fair dealing between parties to a contract embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  *Moran v. Erk*, 11 N.Y.3d 452,456 (2008) (quotations omitted).  The Defendants argue that the breach of the implied covenant of good faith and fair dealing must be dismissed because (1) it is redundant of the breach of contract claim; and (2) it fails to state a claim.  *See, e.g.*, FCSB's Reply, ¶¶ 29–41.

As to the Defendants' first argument, under NY state law, "if the allegations underlying the breach of the implied covenant of good faith claim and the breach of contract claim are the same, the good faith claim is 'redundant' and cannot survive a motion to dismiss."  *Simon v. Unum Grp*., No. 07-11426, 2008 WL 2477471, at * 2 (S.D.N.Y. June 19, 2008).  However, a claim for breach of the implied covenant of good faith can survive alongside a breach of contract claim "in cases involving efforts by one party to a contract to subvert the contract itself."  *Toto,*

9

*Inc. v. Sony Music Entm't*, No. 12-1434, 2012 WL 6136365, at *13 (S.D.N.Y. Dec. 11, 2012)

(quotations omitted).  Here, the Defendants argue that the factual allegations underlying both

counts 1 and 2 are the same, and therefore count 2 cannot survive alongside count 1.  *See, e.g.*,

FCSB's Reply ¶ 33.  Additionally, the Defendants argue this case does not fall into the exception

because the Debtor has not made a single allegation that FCSB made any efforts to subvert its

Mortgage Agreement with the Debtor.  *Id*. at ¶ 40.

      The Defendants' argument fails.  The Court need not reach the issue of whether claims

for breach of the implied covenant of good faith and fair dealing can stand alongside claims for

breach of contract.  Even assuming *arguendo* that they generally cannot, as the Defendants

themselves note, there is a limited exception under New York state law where such claims can

co-exist "in cases involving efforts by one party to a contract to subvert the contract itself." *Toto,*

2012 WL 6136365, at *13.  As the Debtor argued at the Hearing, the facts as alleged in the

complaint, if accepted as true, plausibly fall into such an exception.  Specifically, the Debtor

alleges that the Defendants engaged in a fraudulent scheme to call a wrongful default and ignore

the Debtor's demands for a partial release of the collateral in order to maximize potential returns

on an anticipated sale of a loan package.  Compl. ¶¶ 28–29.  Such allegations are sufficient to

allege that the Defendants intentionally attempted to subvert the Mortgage Agreement, and

therefore fit within the exception.  Thus, given these allegations, the Court cannot find that "the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief" on

this basis.  *Harris,* 186 F.3d at 250.

      As to the Defendants' argument that count 2 fails to state a claim, a claim for breach of

the implied covenant of good faith and fair dealing has three elements in New York: "(1) [the]

defendant must owe plaintiff a duty to act in good faith and conduct fair dealing; (2) [the]

defendant must breach that duty by acting in bad faith or failing to conduct fair dealing; and (3) the breach of duty must proximately cause plaintiff's damages." *In re Tremont Sec. Law, State Law, & Ins. Litig.,* No. 08-11117, 2013 WL 5393885, at *8 (S.D.N.Y. Sept. 26, 2013). The Defendants argue that the Debtor has failed to allege the elements of breach and damages. *See, e.g.*, FCSB's Reply, ¶¶ 34, 37. The Defendants claim the Debtor cannot demonstrate breach because the Debtor was indisputably in default under the Mortgage Agreement in a variety of manners. *Id.* at ¶ 34. The Defendants also argue that the Debtor only alleged Bay Condo's damages, rather than any damages that the Debtor suffered. *Id.* at ¶ 37. Its argument in this regard mirror its argument under count 1 above, and will not be repeated here.

This argument also fails. Accepting all of the facts in the complaint as true, the complaint pleads a prima facie case for breach of the implied covenant of good faith and fair dealing. As noted above, the complaint specifically alleges a fraudulent scheme concocted amongst the Defendants to intentionally violate the Mortgage Agreement by declaring a wrongful default in order to accelerate the loan and deny a partial release of the collateral. Compl. ¶¶ 28–29. The complaint alleges that the Defendants did so in order to obtain a higher price for a loan package that it was then marketing for sale. *Id.* Administering a loan in bad faith in this manner to manufacture an alleged default in order to accelerate the loan and its interest rate has been held to be a breach of that covenant. *See Canterbury Realty & Equip. Corp. v. Poughkeepsie Sav. Bank*, 135 A.D.2d 102, 524 N.Y.S.2d 531 (3rd Dept. 1988). Additionally, as under count 1, the Defendants arguments as to the elements of breach and damage raise factual issues contesting the facts as alleged in the complaint. That the Defendants contest these facts is an inappropriate ground for granting a motion to dismiss. *See Anderson News,* 680 F.3d at 185.

11

### III. Count 4 – Breach of Contract as Against Note Buyer as Assignee of the Note and Mortgage

Although denominated as an action for a declaratory judgment, count 4 seeks to hold Note Buyer liable on a contractual basis as purchaser and assignee of the Note and Mortgage Agreement. Compl. ¶¶ 52–56; Obj. 7. The Debtor acknowledges that the count seeks relief on a contractual basis and seeks leave to re-plead the count to the extent this is not clear. Obj. 7. The Defendants argue that for the reasons that a cause of action has not and cannot be pled against FCSB under counts 1 and 2 of the complaint, a claim also cannot be asserted against Note Buyer as assignee of the note and Mortgage Agreement. *See, e.g.*, Note Buyer's Mot. to Dismiss, ECF No. 10, ¶ 31.

For the above reasons, this argument fails as well. The Court has found above that the Debtor has adequately pled counts 1 and 2 asserting claims for breach of contract and breach of the implied covenant of good faith and fair dealing against FCSB. To the extent that Note Buyer stands in FCSB's shoes as assignee of the Note and Mortgage Agreement, the Debtor has also adequately pled count 4 on a contractual theory only. Given that the requirement that the complaint need only to plead a "plausible entitlement to relief" to survive a motion to dismiss, the Debtor need not re-plead count 4 as it adequately pleads a contractual claim against Note Buyer as assignee of the note and Mortgage. *Twombly*, 550 U.S. at 559.

### IV. Counts 1, 2 and 4

In their respective replies, the Defendants raise the issue that the Debtor is precluded by the terms of the Mortgage Agreement from seeking to recover money damages. The Defendants argue that ¶ 34 of the Mortgage Agreement, entitled "Action by Mortgagee," limits the Debtor's relief to injunctive relief. Specifically, ¶ 34 provides:

12

> If any claim is made that Mortgagee has failed to act reasonably or with reasonable dispatch under circumstances in which under any of the Loan Documents or by law Mortgagee is require to act reasonably, then the sole remedy of Mortgagor against Mortgagee shall be for mandatory injunctive relief requiring the Mortgagee to act reasonably, and no claim for monetary damages shall be made.

Mortgage Agreement ¶34.  This argument also fails.  The plain language of ¶ 34 specifically limits its application to claims asserting that FCSB "failed to act reasonably or with reasonable dispatch."  *Id*.  The facts as alleged in the complaint do not merely allege that the Defendants failed to act reasonably or with reasonable dispatch.  Instead, the complaint alleges a fraudulent scheme wherein the Defendants intentionally disregarded and violated the relevant provisions of the Mortgage Agreement in an attempt to subvert the agreement to their own benefit. *See, e.g.*, Compl. ¶ 28–29.  As alleged, the Debtor's claims therefore do not fall within the confines of ¶ 34.

### Conclusion

For the foregoing reasons, the Motions are DENIED as to counts 1, 2 and 4.  Counts 3 and 5 are dismissed on consent of the Debtor.  The Debtor is directed to submit an order consistent with this opinion.

Dated: New York, New York
       June 26, 2014                         _____*s/ Robert E. Grossman*_____
                                             HONORABLE ROBERT E. GROSSMAN
                                             UNITED STATES BANKRUPTCY JUDGE