BACKENROTH FRANKEL & KRINSKY, LLP
Mark A. Frankel, Esq.
*Co-Counsel for Defendant*
*11 East 36TH NOTE BUYER LLC*
800 Third Avenue
New York, New York 10022
(212) 593-1100

DAMON MOREY LLP
William F. Savino, Esq.
*Co-Counsel for Defendant*
*11 East 36TH NOTE BUYER LLC*
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
(716) 856-5500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re:<br><br>11 EAST 36TH, LLC<br><br>                    Debtor | Chapter 11<br>Case No. 13-11506 (RG) |

_____

| | |
|---|---|
| In re:<br><br>MORGAN LOFTS, LLC<br><br>                    Debtor | Chapter 11<br>Case No. 13-11507 (RG) |

_____

| | |
|---|---|
| 11 EAST 36TH, LLC<br><br>                    Plaintiff,<br>v.<br><br>FIRST CENTRAL SAVINGS BANK,<br>11 EAST 36TH NOTE BUYER LLC, and<br>MISSION CAPITAL ADVISORS LLC<br><br>                    Defendants. | A.P. No. 14-01819 (RG)<br><br>**ANSWER ON BEHALF OF**<br>**DEFENDANT 11 EAST 36TH**<br>**NOTE BUYER LLC** |

_____

1

Defendant 11 East 36th Note Buyer LLC ("Note Buyer"), by its co-counsel Backenroth Frankel & Krinsky, LLP, and Damon Morey LLP, by way of Answer to the Verified Complaint filed on February 7, 2014 ("Complaint"), says:

## GENERAL DENIALS

a. Note Buyer denies that Plaintiff is entitled to any of the relief demanded in the Complaint.

b. Note Buyer denies each and every allegation of the Complaint not specifically admitted, controverted or denied.

c. To the extent that Plaintiff characterizes or paraphrases certain loan documents, Note Buyer denies those allegations as being improper and refers the Court to the loan documents for their true contents.

d. The claims for relief have been limited by this Court's Memorandum Decision dated June 26, 2014 and the Order entered July 7, 2014.

e. The General Denials are incorporated into each and every one of the following responses as if fully set forth therein.

## PARTIES, JURISDICTION AND VENUE

1. Note Buyer admits the allegations of the first sentence of Paragraph 1 and denies the allegations of the second sentence of Paragraph 1.

2. Note Buyer denies knowledge or sufficient information to form a belief as to the allegations of Paragraph 2 as to defendant First Central Savings Bank except that it has an address of 70 Glen Street, Glen Cove, New York 11542.

3. Note Buyer admits the allegations of Paragraph 3 except that its name is "11 East 36 Note Buyer LLC" and it is a Delaware Limited Liability Company.

4. Note Buyer denies knowledge or sufficient information to form a belief as to the allegations of Paragraph 3 as to defendant Mission Capital Advisors LLC, and further states that an Order was entered on June 23, 2014 dismissing the Complaint as against defendant Mission Capital Advisors LLC.

5. Note Buyer denies the allegations of Paragraph 5 as to jurisdiction and denies that the action is a "core proceeding."

6. Note Buyer admits the allegations of Paragraph 6.

7. Note Buyer admits the allegations of Paragraph 7.

8. Note Buyer denies the allegations of Paragraph 8.

9. Note Buyer denies the allegations of Paragraph 9.

10. Note Buyer admits the allegations of Paragraph 10 that the "Subject Units" are encumbered by a mortgage held by Note Buyer as assignee of First Central Savings Bank, but denies that the said mortgage is the only security or that the note dated March 20, 2018 is the only loan document, and denies the remaining allegations of Paragraph 10 including the characterization of the alleged "Blanket Mortgage."

11. Note Buyer denies the characterization of written documents referred to in Paragraph 11 and respectfully refers the Court to the documents themselves to determine their true contents, and denies any allegation inconsistent with the true contents of the documents.

12. Note Buyer denies the allegations of Paragraph 12.

13. Note Buyer denies the allegations of Paragraph 13.

14. Note Buyer denies the allegations of Paragraph 14.

15. Note Buyer denies the allegations of Paragraph 15.

16. Note Buyer denies the allegations of Paragraph 16.

17. Note Buyer denies the allegations of Paragraph 17, and to the extent it refers to written documents, Note Buyer denies the characterization of written documents and respectfully refers the Court to the documents themselves to determine their true contents, and denies any allegation inconsistent with the true contents of the documents.

18. Note Buyer denies the allegations of Paragraph 18.

19. Note Buyer denies the allegations of Paragraph 19.

20. Note Buyer denies the allegations of Paragraph 20, and to the extent that it refers to written documents, Note Buyer denies the characterization of written documents and respectfully refers the Court to the documents themselves to determine their true contents, and denies any allegation inconsistent with the true contents of the documents.

21. Note Buyer denies the allegations of Paragraph 21.

22. Note Buyer denies the allegations of Paragraph 22.

23. Note Buyer denies the allegations of Paragraph 23.

24. Note Buyer denies the allegations of Paragraph 24.

25. Note Buyer denies the allegations of Paragraph 25.

26. Note Buyer denies the allegations of Paragraph 26.

27. Note Buyer denies the allegations of Paragraph 27.

28. Note Buyer denies the allegations of Paragraph 28.

29. Note Buyer denies the allegations of Paragraph 29.

**FIRST CLAIM FOR RELIEF**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

30. Note Buyer repeats and realleges the responses to Paragraphs 1 to 29 of the Complaint as if set forth in their entirety.

31. Note Buyer denies the characterization of written documents in Paragraph 31 respectfully refers the Court to the documents themselves to determine their true contents, and denies any allegation inconsistent with the true contents of the documents.

32. Note Buyer denies the allegations of Paragraph 32.

33. Note Buyer denies the allegations of Paragraph 33.

34. Note Buyer denies the allegations of Paragraph 34.

**SECOND CLAIM FOR RELIEF AGAINST FCSB AND NOTE BUYER**
**(Implied Covenant of Good Faith and Fair Dealing)**

35. Note Buyer repeats and realleges the responses to Paragraphs 1 to 34 of the Complaint as if set forth therein in their entirety.

36. The allegations of Paragraph 36 constitute legal conclusions or contentions to which no responses is required and, to the extent any response is required, Note Buyer denies the allegations of Paragraph 36.

37. Note Buyer denies the characterization of written documents in Paragraph 37 respectfully refers the Court to the documents themselves to determine their true contents, and denies any allegation inconsistent with the true contents of the documents.

38. The allegations of Paragraph 38 constitute legal conclusions or contentions to which no response is required and, to the extent any response is required, Note Buyer denies the allegations of Paragraph 38.

39. The allegations of Paragraph 39 constitute legal conclusions or contentions to which no response is required. To the extent that any response is required, Note Buyer denies the allegations of Paragraph 39 and, to the extent it characterizes written documents, Note Buyer respectfully refers the Court to the documents themselves to determine their true contents, and denies any allegations inconsistent with the true contents of the documents.

40. Note Buyer denies the allegations of Paragraph 40.

41. Note Buyer denies the allegations of Paragraph 41.

42. Note Buyer denies the allegations of Paragraph 42.

43. Note Buyer denies the allegations of Paragraph 43.

44. Note Buyer denies the allegations of Paragraph 44.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Fraud)

45. Note Buyer repeats and realleges the responses to Paragraphs 1 to 44 as if set forth in their entirety.

46. The Third Claim for Relief (Paragraphs 45 to 51) has been dismissed on consent of the Plaintiff, and therefore no response is required by Note Buyer.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Declaratory Judgment)

47. Note Buyer repeats and realleges the responses to Paragraphs 1 to 51 as if set forth in their entirety.

48. Note Buyer admits an assignment as described in Paragraph 53 but refers to the written documents, among other documents not identified in the Complaint, to determine their true contents and the nature of the transaction, and denies any allegation inconsistent with the true contents of the documents.

49. The allegations of Paragraph 54 constitute legal conclusions or contentions to which no response is required and, to the extent any response is required, Note Buyer denies the allegations of Paragraph 54.

50. Note Buyer denies the allegations of Paragraph 55.

51. The allegations of Paragraph 56 constitute legal conclusions or contentions to which no response is required and, to the extent any response is required, Note Buyer denies the allegations of Paragraph 56.  Further, this Court dismissed claims for alleged wrongful acts as alleged against Note Buyer in its June 26, 2014 Memorandum Decision.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### (Declaratory Judgment)

52. Note Buyer repeats and realleges the responses to Paragraphs 1 to 56 as if set forth in their entirety.

53. The Fifth Claim for Relief (Paragraphs 57 to 58) has been dismissed on consent of the Plaintiff, and therefore no response is required by Note Buyer.

### DEFENSES

**FIRST DEFENSE**.  The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**.  Note Buyer incorporates by reference the Memorandum Decision of this Court dated June 26, 2014 including its holding at page 12 that the Debtor has adequately pled count 4 (Fourth Claim for Relief) on a contractual theory only against Note Buyer.

**THIRD DEFENSE**.  Note Buyer is a holder in due course and takes free of claims by the plaintiff.

**FOURTH DEFENSE**. Plaintiff failed to satisfy conditions for partial release of its liens including those set forth in Paragraphs 52(a) and (d) of the Mortgage Agreement by reason of defaults in the debt instruments including but not limited to a judgment for an amount in excess of $10.0 million against guarantors Eli Bobker and Ben Bobker, and because of payment defaults.

**FIFTH DEFENSE**. The subject units (Unit 101 and 102) could not have been sold by the seller, Bay Condos, without bankruptcy court approval; Bay Condos never sought timely approval of any sale; Bay Condos did not own 100% of the property proposed to be sold; and the subject property was encumbered by judgment liens and other encumbrances.

**SIXTH DEFENSE.** The plaintiff/debtor suffered no damages.

**SEVENTH DEFENSE**. The claims for relief are barred by principles of res judicata.

**EIGHTH DEFENSE**. No notice was required to trigger defaults under the loan instruments.

**NINTH DEFENSE**. The claims are barred by the doctrine of unclean hands.

**TENTH DEFENSE.** The claims are barred by waiver.

**ELEVENTH DEFENSE**. The claims are barred by laches including but not limited to delays while actions were taken in the Bay Condos bankruptcy case with respect to the subject property.

**TWELFTH DEFENSE**. Note Buyer acted in good faith at all times.

**THIRTEENTH DEFENSE**. The proposed sale by Bay Condos was not in good faith and was a sham for reasons which include but are not limited to: (a) no contract deposit was paid; (b) the contract provided for a 14-day due diligence period; (c) the contract was abandoned by Bay Condos; (d) the proposed contract was not scheduled as an executory contract in the Bay

8

Condos bankruptcy proceeding; (e) the proposed purchaser was not scheduled as a creditor; (f) Bay Condos entered into another contract during the bankruptcy case to sell the same property as a better offer; and (g) the proposed contract was not reported in Rule 1007 Statement.

**FOURTEENTH DEFENSE**.  Note Buyer reserves the right to raise other defenses which may become apparent through the course of discovery in this case.

WHEREFORE, Defendant 11 East 36 Note Buyer LLC, incorrectly named 11 East 36th Note Buyer LLC, respectfully requests that this Court enter judgment in its favor, dismiss the adversary proceeding, award attorneys' fees and costs and grant such other relief as is just and equitable.

Dated:    Buffalo, New York
          July 10, 2014

DAMON MOREY LLP

By s/*William F. Savino*
          William F. Savino
          Bernard Schenkler
Co-Counsel *for Defendant*
*11 East 36^TH^ NOTE BUYER LLC*.
The Avant Building, Suite 1200
200 Delaware Avenue
Buffalo, New York 14202
Tel. (716) 856-5500
Email. wsavino@damonmorey.com

AND

BACKENROTH FRANKEL
& KRINSKY, LLP

*By s/Mark A. Frankel*
Mark A. Frankel, Esq.
*Co-Counsel for Defendant*
*11 East 36^TH^ NOTE BUYER LLC*
800 Third Avenue
New York, New York 10022
Tel. (212) 593-1100
Email.  mfrankel@bfklaw.com

Doc #1939484.1