SPIZZ COHEN & SERCHUK, P.C.
Attorneys for First Central Savings Bank, Defendant
425 Park Avenue
New York, NY 10022
Alex Spizz, Esq.
Jill Makower, Esq.
(212) 754-9400

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
In re:

11 EAST 36TH, LLC,

                     Debtor.
-------------------------------------------------------x
In re:

MORGAN LOFTS, LLC,

                     Debtor.
-------------------------------------------------------x
11 EAST 36TH, LLC,

                     Plaintiff,

             v.

FIRST CENTRAL SAVINGS BANK,
11 EAST 36TH NOTE BUYER LLC, and
MISSION CAPITAL ADVISORS LLC,

                     Defendants.
-------------------------------------------------------x

Chapter 11
Case No. 13-11506 (RG)

Chapter 11
Case No. 13-11507 (RG)

(Jointly Administered)

Adv. Pro. No. 14-01819 (RG)

## ANSWER TO COMPLAINT

      Defendant First Central Savings Bank ("Defendant"), a defendant herein, by and through its attorneys, Spizz Cohen & Serchuk, P.C., answers the complaint (the "Complaint") filed herein and alleges as follows:

      1.    Defendant admits the allegations contained in paragraph 1 of the

285887v1

Complaint.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint.

3. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies knowledge and information sufficient to form belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint except that Defendant denies that this adversary proceeding is a core proceeding. Defendant states, pursuant to Local Bankruptcy Rule 7008-1, that Defendant does not consent to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint except Defendant admits that Plaintiff sent certain emails to Defendant.

22. Defendant denies the allegations contained in paragraph 22 of the

Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint, except that Defendant admits that it placed the subject loan for sale via Mission Capital.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

## FIRST CLAIM FOR RELIEF

30. Defendant repeats and realleges each of the responses contained in paragraphs 1 through 29 as if fully set forth herein.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

## SECOND CLAIM FOR RELIEF

35. Defendant repeats and realleges each of the responses contained in paragraphs 1 through 34 as if fully set forth herein.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint but admits that the Blanket Mortgage was a valid contract between the Defendant, Plaintiff and others.

37. Paragraph 37 of the Complaint states a legal conclusion to which no response is required.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required.

39. Paragraph 39 of the Complaint states a legal conclusion to which no response is required.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the

Complaint.

44.    Defendant denies the allegations contained in paragraph 44 of the Complaint.

### THIRD CLAIM FOR RELIEF

45.    Defendant repeats and realleges each of the responses contained in paragraphs 1 through 44 as if fully set forth herein.

46.    The Third Claim for Relief has been dismissed, and therefore no response is required.

47.    The Third Claim for Relief has been dismissed, and therefore no response is required.

48.    The Third Claim for Relief has been dismissed, and therefore no response is required.

49.    The Third Claim for Relief has been dismissed, and therefore no response is required.

50.    The Third Claim for Relief has been dismissed, and therefore no response is required.

51.    The Third Claim for Relief has been dismissed, and therefore no response is required.

### FOURTH CLAIM FOR RELIEF

52.    Defendant repeats and realleges each of the responses contained in paragraphs 1 through 51 as if fully set forth herein.

53.    Defendant admits the allegations contained in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint states a legal conclusion to which no response is required.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint states a legal conclusion to which no response is required.

### FIFTH CLAIM FOR RELIEF

57. Defendant repeats and realleges each of the responses contained in paragraphs 1 through 56 as if fully set forth herein.

58. The Fifth Claim for Relief has been dismissed, and therefore no response is required.

### DEFENSES

### AS AND FOR A FIRST DEFENSE

59. The Complaint fails to state a claim against the Defendant upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

60. Plaintiff was in default of various obligations to Defendant (including, without limitation, defaults in debt service, late charges and real estate taxes, and defaults based on judgments against guarantors) when it requested that Defendant release its lien upon Units 101 and 102 (the "Partial Release"). Thus, Plaintiff did not satisfy the condition precedent to Defendant's obligation to provide the Partial Release contained in section 52(d) of the Modification Extension and Consolidation Agreement

dated March 20, 2008 (the "Agreement") between Defendant, as mortgagee, and Plaintiff, Morgan Lofts, LLC and Bay Condos, LLC ("Bay Condos"), collectively, as mortgagor ("Mortgagor").

### AS AND FOR A THIRD DEFENSE

61.    Plaintiff failed to satisfy the condition precedent to the Partial Release contained in section 52(a) of the Agreement because Plaintiff didn't deliver a contract to Defendant on 30 days notice.

### AS AND FOR A FOURTH DEFENSE

62.    Plaintiff's claims are barred by the doctrine of impossibility, because (a) Plaintiff could not consummate the contract of sale dated December 5, 2011 (the "Bay Condos Contract") with Forte Capital Management, LLC and could not have lost that buyer as a result of any conduct by Defendant, because Plaintiff was not a party to the Bay Condos Contract and was only a 2.8% owner of Units 101 and 102; (b) the Bay Condos Contract provided for the sale of 100% of Units 101 and 102 by Bay Condos, but Bay Condos only owned 97.2% of those units; and (c) Plaintiff could not sell Units 101 and 102 with or without Defendant's consent or Partial Release, because Bay Condos filed a Chapter 11 bankruptcy case on December 22, 2011, and thus, pursuant to Bankruptcy Code section 363(b), no sale of Units 101 and 102 could be made without Bankruptcy Court approval, which approval was never sought by Bay Condos in the Bankruptcy Court.

### AS AND FOR A FIFTH DEFENSE

63.    Plaintiff has not suffered damages by reason of any conduct by Defendant. Plaintiff, which is the owner of only a 2.8% interest in Units 101 and 102,

and which filed Chapter 11 on May 8, 2013 (approximately 17 months after Defendant accelerated the loan) has not alleged its own damages for breach of contract. Instead, Plaintiff has claimed damages allegedly suffered by Bay Condos, the seller under the Bay Condos Contract which filed Chapter 11 on December 22, 2011, the day that Defendant accelerated the loan.

### AS AND FOR A SIXTH DEFENSE

64.    Defendant's conduct was not the proximate cause of any damages to Plaintiff.

### AS AND FOR A SEVENTH DEFENSE

65.    Plaintiff has stated no cause of action for breach of the implied covenant of good faith and fair dealing because Defendant complied with its obligations under the Agreement, and did not breach the Agreement.

### AS AND FOR AN EIGHTH DEFENSE

66.    Plaintiff has stated no cause of action for breach of the implied covenant of good faith and fair dealing because Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing (the Second Claim For Relief) is based on the same facts as Plaintiff's breach of contract claim (the First Claim For Relief).

### AS AND FOR A NINTH DEFENSE

67.    Defendant was contractually permitted to sell the subject loan.

### AS AND FOR A TENTH DEFENSE

68.    Section 42 of the Agreement provides that no waiver of any right set forth in the Agreement or any of the other Loan Documents shall be deemed effective unless in writing and signed by an officer of Mortgagee and any modification, amendment or

termination shall be valid only if in writing and signed by a duly authorized officer of Mortgagee.

### AS AND FOR AN ELEVENTH DEFENSE

69. Section 37 of the Agreement precludes Plaintiff's monetary claims against Defendant.

### AS AND FOR A TWELFTH DEFENSE

70. Plaintiff's claims are barred by the doctrines of waiver and/or equitable estoppel.

### AS AND FOR A THIRTEENTH DEFENSE

71. Defendant acted in good faith at all times relevant to the Complaint.

### AS AND FOR A FOURTEENTH DEFENSE

72. No notice was required to trigger any default under the loan documents.

### AS AND FOR A FIFTEENTH DEFENSE

73. Plaintiff's claims are barred by collateral estoppel and res judicata.

### AS AND FOR A SIXTEENTH DEFENSE

74. Plaintiff's claims are barred by laches, based on, among other things, delays while actions were taken in the Bay Condos Chapter 11 case in connection with the subject property.

### AS AND FOR A SEVENTEENTH DEFENSE

75. Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR AN EIGHTEENTH DEFENSE

76. The proposed Bay Condos Contract was submitted to Defendant in bad

faith and was a sham because, among other things, (a) no contract deposit was paid; (b) the proposed contract provided for a 14-day due diligence period; (c) the proposed contract was abandoned by Bay Condos; (d) the proposed contract was not scheduled as an executory contract in the Bay Condos Chapter 11 case; (e) the proposed purchaser was not scheduled as a creditor in the Bay Condos Chapter 11 case; (f) Bay Condos entered into another contract during its bankruptcy case to sell the same property as a better offer; and (g) the proposed contract was not reported in the Rule 1007 Statement.

**WHEREFORE,** Defendant respectfully requests that this Court enter judgment dismissing the Complaint and granting the Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 10, 2014

        SPIZZ COHEN & SERCHUK, P.C.
        Attorneys for Defendant
        First Central Savings Bank

By: _/s/ Jill Makower_____
     Alex Spizz
     Jill Makower
425 Park Avenue
New York, NY 10022
212-754-9400