BACKENROTH FRANKEL
    & KRISNSKY, LLP
Mark A. Frankel, Esq.
*Co-Counsel for Defendants*
*11 East 36th Note Buyer LLC*
*and Griffon V, LLC*
800 Third Avenue
New York, New York 10022
(212) 593-1100

WOODS OVIATT GILMAN LLP
William F. Savino, Esq.
Bernard Schenkler, Esq.
*Co-Counsel for Defendants*
*11 East 36th Note Buyer LLC*
*and Griffon V, LLC*
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 248-3200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 13-11506 (RG) |
| 11 EAST 36TH, LLC | |
|                 Debtor | |
| _____ | |
| 11 EAST 36TH, LLC | A. P. No. 14-1819 (RS) |
|                 Plaintiff | |
| v. | |
| FIRST CENTRAL SAVINGS BANK, | **ANSWER TO AMENDED** |
| 11 EAST 36TH NOTE BUYER LLC | **COMPLAINT ON BEHALF** |
| and GRIFFON V, LLC, | **OF DEFENDANTS** |
| | **GRIFFON V, LLC AND** |
|                 Defendant. | **11 EAST 36TH** |
| | **NOTE BUYER LLC** |

_____

{2681783: }

Defendants 11 East 36 Note Buyer LLC, incorrectly designated as 11 East 36th Note Buyer LLC ("Note Buyer") and Griffon V, LLC ("Griffon"), (collectively "Defendants"), by their co-counsel Backenroth Frankel & Krinsky, LLP and Woods Oviatt Gilman LLP, by way of Answer to the Amended Complaint filed January 31, 2015 by Plaintiff 11 East 36th, LLC ("Plaintiff"), say:

**GENERAL DENIALS**

a)   Defendants deny that Plaintiff is entitled to any of the relief demanded in the Amended Complaint;

b)   Defendants deny each and every allegation of the Amended Complaint not specifically admitted, controverted or denied;

c)   To the extent that Plaintiff characterizes or paraphrases certain loan documents, Defendants deny those allegations as being improper and refer the Court to the loan documents for their true contents;

d)   The claims for relief have been limited by this Court's Memorandum Decision dated June 26, 2014 and the Order entered July 7, 2014, and by this Court's oral decision on December 9, 2014 and Order entered December 22, 2014, and this Court's Memorandum Decision dated May 20, 2015 and Order pending. Defendants do not consent to any claims for relief which exceed the scope of the Orders and Memorandum Decisions and reserve all rights; and

e)   The General Denials are incorporated into each and every one of the following responses as if fully set forth in their entirety.

## PARTIES, JURISDICTION AND VENUE

1) Defendants admit the allegations of the first sentence of Paragraph 1 and deny the allegations of the second sentence of Paragraph 1.

2) Defendants deny knowledge or sufficient information to form a belief as to the allegations of Paragraph 2 as to defendant First Central Savings Bank ("FCSB") except that it has an address of 70 Glen Street, Glen Cove, New York 11542.

3) Defendants admit the allegations of Paragraph 3.

4) Defendants admit the allegations of Paragraph 4.

5) Defendants deny the allegations of Paragraph 5 as to jurisdiction and deny that this action is a "core proceeding." Defendants do not consent to jurisdiction in this Court. This Court has no subject matter jurisdiction.

## RESPONSE TO FACTUAL BACKGROUND

6) Defendants admit the allegations of Paragraph 6.

7) Defendants admit the allegations of Paragraph 7.

8) Defendants deny the allegations of Paragraph 8.

9) Defendants deny the allegations of Paragraph 9.

10) Defendants deny the allegations of Paragraph 10 except to admit that Note Buyer held a mortgage on certain property of the Plaintiff and property of Bay Condos LLC, and Griffon held a money judgment against Plaintiff and, in addition, held a mortgage on certain property of the Plaintiff. All debt and debt instruments and debt obligations were assigned to the debtor's DIP lender in about August 2014. Defendants deny that the documents annexed to

the Amended Complaint constitute the only documents relating to the Note Buyer mortgage and deny that any mortgage documents of Griffon were annexed.

11) Defendants deny the characterization of the written documents referred to in Paragraph 11 and respectfully refer the Court to the documents themselves to determine their true contents, and deny any allegations inconsistent with the true contents of the documents.

12) Defendants deny the allegations of Paragraph 12.

13) Defendants deny the allegations of Paragraph 13.

14) Defendants deny the allegations of Paragraph 14.

15) Defendants deny the allegations of Paragraph 15.

16) Defendants deny the allegations of Paragraph 16.

17) Defendants deny the allegations of Paragraph 17, and to the extent Paragraph 17 refers to written documents, Defendants deny the characterization of written documents and respectfully refer the Court to the documents themselves to determine their true contents, and deny any allegation inconsistent with the true contents of the documents.

18) Defendants deny the allegations of Paragraph 18.

19) Defendants deny the allegations of Paragraph 19.

20) Defendants deny the allegations of Paragraph 20, and to the extent it refers to written documents, Defendants deny the characterization of written documents and respectfully refer the Court to the documents themselves to determine their true contents, and deny any allegation inconsistent with the true contents of the documents.

21) Defendants deny the allegations of Paragraph 21.

22) Defendants deny the allegations of Paragraph 22.

23) Defendants deny the allegations of Paragraph 23.

24) Defendants deny the allegations of Paragraph 24.

25) Defendants deny the allegations of Paragraph 25.

26) Defendants deny the allegations of Paragraph 26.

27) Defendants deny the allegations of Paragraph 27.

28) Defendants deny the allegations of Paragraph 28.

29) Defendants deny the allegations of Paragraph 29.

30) Defendants admit that Note Buyer charged default rate interest from the time it acquired the loan from FCSB through August 12, 2014 and deny the remaining allegations of Paragraph 30.

31) Defendants deny the allegations of Paragraph 31.

32) Defendants deny the allegations of Paragraph 32.

33) Defendants deny the allegations of Paragraph 33.

34) Defendants deny the allegations of Paragraph 34.

35) Defendants deny the allegations of Paragraph 35.

36) Defendants deny the allegations of Paragraph 36 except to identify a document captioned "Payoff Summary for 11 East 36 Note Buyer & Griffon V" a copy of which is annexed to the Amended Complaint and refer the Court to that document for its terms.

37) Defendants deny the allegations of Paragraph 37.

38) Defendants deny the allegations of Paragraph 38.

39) Defendants deny the allegations of Paragraph 39.

40) Defendants deny the allegations of Paragraph 40.

41) Defendants admit the allegations of Paragraph 41 regarding the proceeds of the sale of Units 101 and 102.

42) Defendants admit the allegations of Paragraph 42 that Note Buyer filed an amended proof of claim No. 5-2.

43) Defendants admit the allegations of Paragraph 43 that Griffon filed an amended proof of claim No. 9.

44) Defendants admit the allegations of Paragraph 44 as it identifies a Payoff Summary for Note Buyer and Griffon and that they was paid in accordance with that document, but deny the remaining allegations of Paragraph 44.

45) Defendants deny the allegations of Paragraph 45.

46) Defendants deny the allegations of Paragraph 46.

## RESPONSE TO FIRST CLAIM FOR RELIEF

47) Defendants repeat and reallege their responses to Paragraph 1 to 46 as if set forth in their entirety.

48) Defendants deny the allegations of Paragraph 48 except to refer to the written document and its the true contents, and deny any allegations inconsistent with the true contents of the document.

49) Defendants deny the allegations of Paragraph 49 and, to the extent it refers to a written document, defendants refer to the contents of that document and deny any allegations inconsistent with the true contents of that document.

50) Defendants deny the allegations of Paragraph 50 and, to the extent it refers to a written document, defendants refer to the contents of that document and deny any allegations inconsistent with the true contents of that document.

51) Defendants deny the allegations of Paragraph 51.

{2681783: }6

**RESPONSE TO SECOND CLAIM FOR RELIEF**

52) Defendants repeat and reallege the responses to Paragraphs 1 to 51 as if set forth in their entirety.

53) Defendants deny the characterization of the document referred to in Paragraph 53 and refers to the document for its true contents.

54) The allegations of Paragraph 54 are legal conclusions or contentions to which no response is required, and to the extent that any response is required, Defendants deny the allegations of Paragraph 54.

55) The allegations of Paragraph 54 are legal conclusions or contentions to which no response is required, and to the extent that any response is required, Defendants deny the allegations of Paragraph 55.

56) Defendants deny the allegations of Paragraph 56. To the extent the allegations of Paragraph 56 assert legal contentions or conclusions, no response is required.

57) Defendants deny the allegations of Paragraph 57.

58) Defendants deny the allegations of Paragraph 58.

59) Defendants deny the allegations of Paragraph 59.

60) Defendants deny the allegations of Paragraph 60.

61) Defendants deny the allegations of Paragraph 61.

**RESPONSE TO THIRD CLAIM FOR RELIEF**

62) Defendants repeat and reallege their response to the allegations of Paragraphs 1 to 61 as if set forth in their entirety.

63) Defendants admit the allegations of Paragraph 63 but refer to all the documents relating to and constituting the assignment referred to in Paragraph 63.

64) Defendants deny the allegations of Paragraph 64 and further state that this allegation makes a conclusion of law to which no response is necessary.

65) Defendants deny the allegations of Paragraph 65.

66) Defendants deny the allegations of Paragraph 66.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

67) Defendants repeat and reallege the response to Paragraphs 1 to 66 as if set forth in their entirety.

68) Defendants deny the allegations of Paragraph 68.

69) Defendants deny the allegations of Paragraph 69.

### RESPONSE TO FIFTH CLAIM FOR RELIEF

70) Defendants repeat and reallege the response to Paragraphs 1 to 69 as if set forth in their entirety and state that the Fifth Claim for Relief has been dismissed by Order of the Court to be entered and by Memorandum Decision dated May 20, 2015.

71) Defendants deny the allegations of Paragraph 71 and state that the Fifth Claim for Relief has been dismissed by the Order of the Court to be entered and by Memorandum Decision dated May 20, 2015.

72) Defendants deny the allegations of Paragraph 72.

### DEFENSES

**FIRST DEFENSE**.  The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**.  The relief demanded in the Amended Complaint exceeds the scope of relief permitted by this Court's Memorandum Decision dated June 26, 2014 and Order entered July 7, 2014, this Court's oral decision on December 9, 2014 and the Order entered

December 22, 2014.  To the extent that this Court's Memorandum Decision dated May 20, 2015 held to the contrary, Defendants reserve all rights.

**THIRD DEFENSE**.  This Court lacks Constitutional authority and has no subject matter jurisdiction to issue final judgments on Plaintiff's causes of action, in particular, those causes of action relying on state law principles including, without limitation, breach of contract and implied duty of fair dealing and good faith, etc.

**FOURTH DEFENSE**.  Note Buyer is or holds through a holder in due course and takes free of claims by the Plaintiff.

**FIFTH DEFENSE**.  Plaintiff failed to satisfy conditions for partial release of the liens on Units 101 and 102 including those set forth in Paragraphs 52 (a) and (d) of the Mortgage Agreement between FCSB and the Plaintiff by reason of defaults in the debt instruments including but not limited to a judgment in an amount in excess of $10.0 million against guarantors Eli Bobker and Ben Bobker, and because of payment defaults.

Specifically (and without limitation), Paragraph 52(d) of the said Mortgage Agreement provides that, with respect to the release of condominium units upon the satisfaction of enumerated conditions: "(d) the Mortgagor must not then be in default of any of its obligations to the Mortgagee under the Note or any of the Loan Documents."

Section 7(o) of the Mortgage Agreement provides an event of default: "(o) if final judgment for the payment of money shall be rendered against Mortgagor, or any guarantor of the Note . . . ."

Ben Bobker and Eli Bobker are guarantors of the Note to FCSB by virtue of a Commercial Loan Guaranty dated October 9, 2009.

On May 23, 2011, a money judgment was entered against guarantors Ben Bobker and Eli Bobker in *Grand Pacific v. 97-11 Hale, LLC* et al, Index No. 601164/09 against 97-11 Hale, LLC, 100-114 Hale LLC, Hale Club, LLC, Eli Bobker, Ben Bobker and Joseph Bobker for $9,403,095.31 against 97-11 Hale, LLC, 100-1114 Hale, LLC, Hale Club, LLC, Eli Bobker and Ben Bobker, jointly and severally; $1,855,502.01 against 97-111 Hale, LLC, 100-114 Hale LLC, Eli Bobker and Ben Bobker, jointly and severally.

The money judgment remains unsatisfied to date and was not satisfied in December 2011.

Additionally, the borrower was in default in payment of real estate taxes of at least $205,103.25.

**SIXTH DEFENSE**. The subject units (Unit 101 and 102) could not have been sold by the seller, Bay Condos, without bankruptcy court approval; Bay Condos never sought any bankruptcy court approval of any sale to the proposed contract purchaser referred to in Paragraph 12 of the Amended Complaint. Bay Condos did not own 100% of the property proposed to be sold. The subject property was encumbered by judgment liens and other encumbrances.

**SEVENTH DEFENSE**. The Plaintiff suffered no damages.

**EIGHTH DEFENSE**. The claims for relief are barred by principles of *res judicata*.

**NINTH DEFENSE**. FCSB properly issued a declaration of default of the subject loan; no notice was required to trigger the defaults under the loan instruments.

**TENTH DEFENSE**. The claims are barred by the doctrine of unclean hands.

**ELEVENTH DEFENSE.** The claims are barred by waiver.

**TWELFTH DEFENSE**. The claims are barred by laches including but not limited to delays while actions were taken in the Bay Condos bankruptcy case and Bay Condo's failure to take action with respect to the subject property.

**THIRTEENTH DEFENSE**.  Defendants acted in good faith at all times.

**FOURTEENTH DEFENSE**.  The proposed sale by Bay Condos to the proposed buyer described in Paragraph 12 of the Amended Complaint was not in good faith and was a sham for reasons which include but are not limited to: (A) no contract deposit was paid; (B) the contract provided for only a 14-day due diligence period; (C) the contract was abandoned by Bay Condos and was never terminated by the contract purchaser; (D) the proposed contract was not scheduled as an executory contract in the Bay Condos bankruptcy proceeding even though, among other things, the time for FCSB to authorize or approve the proposed sale had not yet expired; (E) the proposed buyer was not scheduled as a creditor nor was any claim scheduled against the proposed buyer on account of the alleged contract; (F) Bay Condos entered into another contract during the bankruptcy case to sell the same property at a higher price than offered by the buyer described at Paragraph 12 of the Amended Complaint; and (G) the proposed contract was not reported in the Bay Condos' Rule 1007 Statement.

**FIFTEENTH DEFENSE**.  The loan instruments were assigned by Defendants to the DIP lender who, as assignee, is the real party in interest against whom relief, if any, must be sought.

**SIXTEENTH DEFENSE**. Plaintiff waived any claim relating to the loan documents and the "pay off" by reason of statements made in documents at the time of the closing of the DIP loan.

**SEVENTEENTH DEFENSE**. Plaintiff received consideration for the assignment of the loan instruments to the DIP Lender including the form of assignment which enabled the Plaintiff to retain substantial tax benefits under the New York recording and tax statutes including New York Tax Law §255 by entering into a Consolidated, Extension and Modification Agreement ("CEMA") with its DIP Lender and thereby reducing its mortgage tax, and, as a result, Plaintiff is now barred from seeking relief against Defendants as assignors.

**EIGHTEENTH DEFENSE**. All payments received by the Defendants at the "closing" were justly and properly owned under the respective contract instruments.

**NINETEENTH DEFENSE**. Any recovery for the payment made to Defendants by wire transfer is barred by the "discharge for value" doctrine and Article 4A of the Uniform Commercial Code.

**TWENTIETH DEFENSE**. Defendants relied to their detriment on the representation of the Plaintiff that claims against them would be released upon the assignment of the loan obligation to the DIP Lender, rather than satisfaction of the loan obligation, to enable the Plaintiff to benefit from a reduced mortgage tax, and Defendants not only assigned the loan obligation to the DIP Lender, but Griffon accepted a discounted amount from the calculated amount due as a judgment creditor. Plaintiff is bound by promissory estoppel to honor its agreement to release the claims against Defendants.

**TWENTY-FIRST DEFENSE**. Griffon held a state court judgment for $2,899,340.95 rendered on July 11, 2012. Based on the statutory interest of 9% pursuant to CPLR 5003 and 5004, two year's interest (through July 10, 2014) is calculated at $521,881.20 for total due of $3,421,222.15--which is less than the amount alleged to have been paid to Griffon ($3,306,385.72). (The amount due to Griffon was actually higher because interest continued to

{2681783: }12

accrue through August 11, 2014 when it was paid.) Thus, Plaintiff was not damaged by the payment to Griffon.

**TWENTY-SECOND DEFENSE.** Griffon and Note Buyer were entitled to legal fees and protective advances and interest by reason of their mortgages and loan documents.

**TWENTY-THIRD DEFENSE**. Griffon and Note Buyer were appointed to collect rents and make disbursements pursuant to an Order filed June 25, 2013.

**TWENTY-FOURTH DEFENSE**. Griffon was not an assignee of First Central Savings Bank and did not participate in any conduct or actions involving First Central Savings Bank relating to Plaintiff including, but not limited to, plaintiff's claims of "lender liability".

**WHEREFORE**, Defendants 11 East 36 Note Buyer LLC, incorrectly named 11 East 36th Note Buyer LLC,  and Griffon V, LLC respectfully request that this Court enter judgment in their favor  dismissing the adversary proceeding; awarding attorneys' fees and costs including but not limited to disbursing the escrow for attorneys' fees; and granting such other relief as is just and equitable.

Dated: Buffalo, New York
June 3, 2015

WOODS OVIATT GILMAN LLP
By: *s/William F. Savino*
William F. Savino
Bernard Schenkler
*Co-Counsel for Defendants*
*11 East 36th Note Buyer LLC*
*and Griffon V, LLC*
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 248-3200
wsavino@woodsoviatt.com

and

BACKENROTH FRANKEL
    & KRINSKY, LL
By:  s*/Mark Frankel*
Mark Frankel
*Co-Counsel for Defendants*
*11 East 36th Note Buyer LLC*
*and Griffon V, LLC*
800 Third Avenue
New York, New York 10022
(212) 593-1100
mfrankel@bfklaw.com