BACKENROTH FRANKEL
      & KRISNSKY, LLP
Mark A. Frankel, Esq.
*Co-Counsel for Defendants-*
*Third Party Plaintiffs*
*11 East 36th Note Buyer LLC*
*and Griffon V, LLC*
800 Third Avenue
New York, New York 10022
(212) 593-1100

WOODS OVIATT GILMAN LLP
William F. Savino, Esq.
Bernard Schenkler, Esq.
*Co-Counsel for Defendants-*
*Third Party Plaintiffs*
*11 East 36th Note Buyer LLC*
*and Griffon V, LLC*
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 248-3200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 13-11506 (RG) |
| 11 EAST 36TH, LLC | |
|                  Debtor | |
| _____ | |
| 11 EAST 36TH, LLC | A. P. No. 14-1819 (RS) |
|                  Plaintiff | |
| v. | |
| FIRST CENTRAL SAVINGS BANK, | **THIRD PARTY COMPLAINT** |
| 11 EAST 36TH NOTE BUYER LLC | |
| and GRIFFON V, LLC, | |
|                  Defendants. | |

_____

{2916252: }

11 EAST 36TH NOTE BUYER LLC and
GRIFFON V, LLC

       Third Party Plaintiffs,

v.

11 EAST 36TH 1 LLC,

       Third Party Defendant.

_____

      Defendants-Plaintiffs on the Third Party Complaint, 11 East 36th Note Buyer LLC ("Note Buyer") and Griffon V, LLC ("Griffon"), (collectively "Third Party Plaintiffs") by way of Third Party Complaint against Third Party Defendant 11 East 36th Street 1, LLC ("DIP Lender") by their co-counsel Backenroth Frankel & Krinsky, LLP and Woods Oviatt Gilman LLP, say:

      1.    Third Party Plaintiffs Note Buyer and Griffon incorporate by reference the Amended Complaint filed January 31, 2015 (Exhibit A) and their Answer to the Amended Complaint (Exhibit B), and refer herein to Plaintiff 11 East 36th LLC as "Adversary Proceeding Plaintiff."

      2.    This Court has jurisdiction over this Adversary Proceeding and Third Party Complaint pursuant to 28 U.S.C. §§157 and 1334, and venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. To the extent that this Court has core jurisdiction pursuant to 28 U.S.C. §157(b)(2) of the Adversary Proceeding herein, this Court has such core jurisdiction pursuant to 28 U.S.C. §157(b)(2). This Court has no subject matter jurisdiction to enter a final order in the Adversary Complaint or the Third Party Complaint herein. This is a Third Party Complaint pursuant to Bankruptcy Rule 7014 and Rule 14 of the Federal Rules of Civil Procedure.

3. Adversary Proceeding Plaintiff and Morgan Lofts LLC filed voluntary petitions for Chapter 11 in this Court on May 8, 2013.

4. Adversary Proceeding Plaintiff's affiliate, Bay Condos LLC, ("Bay Condos") filed its voluntary petition for Chapter 11 on December 22, 2011.

5. Note Buyer is a Delaware Limited Liability Company with its principal place of business in New York City.

6. Griffon is a Delaware Limited Liability Company with its principal place of business in New York City.

7. Third Party Defendant DIP Lender is a Delaware Limited Liability Company having offices at 825 Third Avenue, 37th Floor, New York, New York.

8. Note Buyer was, by virtue of an assignment by First Central Savings Bank ("FCSB") in about April 2013, an assignee of a certain debt obligation owed by the Adversary Proceeding Plaintiff to FCSB including a obligations under a promissory note and a mortgage on real property owned by the Adversary Proceeding Plaintiff.

9. Griffon was, by virtue of an assignment by Chinatrust Bank in about October 2009, an assignee of a certain debt obligation owed by the Adversary Proceeding Plaintiff to Chinatrust Bank including obligations under a promissory note and mortgage on real property owned by Adversary Proceeding Plaintiff.

10. Both Note Buyer and Griffon were, prior to August 2014, secured creditors of the Adversary Proceeding Plaintiff with, among other collateral, mortgage liens on real estate owned by the Adversary Proceeding Plaintiff.

11. As set forth in the Amended Complaint, Adversary Proceeding Plaintiff alleges that FCSB breached its contract with the Adversary Proceeding Plaintiff and its duty of good

{2916252: }3

faith and fair dealing by, <u>inter alia</u>, refusing the consent to a sale of certain condominium units owed by a co-debtor, Bay Condos, and thereafter, by declaring a default in the loan; and that Note Buyer, as assignee of the FSCB loan, is liable for damages allegedly caused by FSCB.

12. The underlying Complaint against FSCB and Note Buyer was filed on about February 2014.

13. While the Adversary Proceeding and Adversary Proceeding Plaintiff's bankruptcy case were pending, Adversary Proceeding Plaintiff obtained financing from a lender which was approved by the Bankruptcy Court by Order of August 8, 2014. The "lender" was described in the said Order as "MRC RE Holdings LLC or its designee."

14. DIP Lender is the designee of the lender identified in the August 8, 2014 Order.

15. In connection with the closing of financing by DIP Lender to Adversary Proceeding Plaintiff, the Adversary Proceeding Plaintiff requested, and Note Buyer and Griffon agreed, to assign their respective debts and loan documents to the DIP Lender rather than extinguishing the respective debts upon payment.

16. By virtue of such assignment rather than a pay-off and extinguishment of the debts, the Plaintiff was able to benefit from a substantial reduction in mortgage transfer tax.

17. Note Buyer and Griffon did assign their respective loan documents including Assignments of Mortgage, to DIP Lender on about August 8, 2014.

18. On about August 8, 2014, both Griffon and Note Buyer were paid by DIP Lender in the amounts set forth in the August 8, 2014 Order in satisfaction of the obligations owed to them, although the underlying indebtedness was not satisfied or extinguished but, rather, was assigned to DIP Lender.

19. Further, Griffon was paid less than it was entitled to as a judgment creditor.

20. Notwithstanding the closing and the benefits gained by the Adversary Proceeding Plaintiff through the assignment of the respective loan documents, the Adversary Proceeding Plaintiff continued to prosecute the Adversary Proceeding and filed an Amended Complaint seeking relief against both Note Buyer and against Griffon on January 31, 2015. The Amended Complaint alleged that Note Buyer was obligated for damages as assignee of FCSB and that it had otherwise been paid more than it was entitled to, and that Griffon was paid more than it was entitled to.

21. As assignee of the respective debt obligations of Note Buyer and Griffon as of August 8, 2014, Third Party Defendant DIP Lender became the principal obligee of the respective debts and successor to FCSB and Chinatrust Bank but, as to claims by Adversary Proceeding Plaintiff against Note Buyer and Griffon, as of August 8, 2014, DIP Lender became a co-obligor with Note Buyer and Griffon by operation of law.

22. To the extent that Note Buyer and Griffon are called upon to pay damages to Adversary Proceeding Plaintiff as set forth in the Amended Complaint, Note Buyer and Griffon are each are entitled to the common law right of contribution from DIP Lender as assignee and co-debtor and the common light right of indemnity.

23. As a result, the indebtedness owed by the Adversary Proceeding Plaintiff to DIP Lender will be increased by any such common law contribution and common law indemnity.

WHEREFORE, Third Party Plaintiffs demand judgment against Third Party Defendant 11 East 36th 1, LLC for contribution of and indemnity for any amounts adjudicated

{2916252: }5

against each respective Third Party Plaintiff, together with such other relief as is just and equitable.

Dated: Buffalo, New York
     June 3, 2015

WOODS OVIATT GILMAN LLP
By: *s/William F. Savino*
William F. Savino
Bernard Schenkler
*Co-Counsel for Defendants-*
*Third Party Plaintiffs*
*11 East 36th Note Buyer LLC*
*and Griffon V, LLC*
1900 Main Place Tower
350 Main Street
Buffalo, New York 14202
(716) 248-3200
wsavino@woodsoviatt.com

and

BACKENROTH FRANKEL
   & KRINSKY, LL
By: s*/Mark Frankel*
Mark Frankel
*Co-Counsel for Defendants-*
*Third Party Plaintiffs*
*11 East 36th Note Buyer LLC*
*and Griffon V, LLC*
800 Third Avenue
New York, New York 10022
(212) 593-1100
mfrankel@bfklaw.com